IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JASON VOWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>GANNETT SATELLITE INFORMATION NETWORK, LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16CV449DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Gannett Satellite Information Network, LLC's Motion to Dismiss First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 25, 2017, the court held a hearing on the motion. At the hearing, Plaintiff Jason Vowell was represented by Ted F. Stokes, and Defendant Gannett was represented by Brett D. Ekins. The court heard argument and took the motion under advisement. Having carefully considered the memoranda submitted by the parties and the law and facts relating to the pending motions, the court issues the following Memorandum Decision and Order.

## BACKGROUND

      On March 25, 2016, a Gannett newspaper, The Spectrum, published an article entitled "Echoes of Jeremy Johnson: FTC wins Sunyich finance case." The article relates to an FTC civil enforcement action against Steven Sunyich that had certain similarities to the FTC civil enforcement action against Jeremy Johnson. The article explains that Sunyich's son Chad was not named in the Sunyich FTC case because Chad had not been involved in the Sunyich business

during the time addressed in the enforcement action.  However, the article references Chad Sunyich and Plaintiff Jason Vowell as follows:

> Chad was convicted in Florida on federal drug charges the same year the FTC sued his family members, however, Chad's co-defendant in the case was Jason Vowell, a former co-owner of the now-shuttered Bluff Street auto dealership Executive Car Sales and Johnson's neighbor, and is also a defendant in Johnson's FTC case following allegations he and his bother Todd had primary involvement in helping Johnson hide millions of dollars in assets from the federal receiver.

Vowell filed this action alleging libel.  Vowell contends the article contains two false statements: (1) that he is a defendant in the *FTC v. Johnson* case; and (2) the use of the term defendant leads readers to believe that the FTC Complaint alleges that Jason Vowell has primary involvement in helping Johnson hide millions of dollars in assets from the federal receiver.

Vowell attempted to have the Spectrum redact the article, but the Spectrum did not.  Vowell acknowledges that on the date the article was published, the court's electronic docket of the Johnson FTC case listed Jason Vowell as a "defendant."  However, Jason Vowell was a receivership defendant and was not listed as a defendant in the FTC's Complaint.

## DISCUSSION

### Motion to Dismiss

Defendant moves to dismiss this action, arguing that neither of the alleged false statements can support Vowell's libel claim.  Defendant specifically asserts that the first statement cannot support a libel claim because it is true, not material, and protected by Utah's fair report and neutral reportage privileges.  Defendant also contends that the second statement cannot be the basis of a libel claim because it was not made in the article and even if it was made,

it is not material.

**1. Statement No. 1**

First, "truth is an absolute defense to an action for defamation. The defense of truth is sufficiently established if the defamatory charge is true in substance. Insignificant inaccuracies of expression do not defeat the defense of truth." *Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 57-58 (Utah 1991). Whether a statement is "true in substance" can be decided as a matter of law on a motion to dismiss. *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1137 (10th Cir. 2014).

Vowell alleges that describing a receivership defendant as a defendant is not accurate. As of the date Defendant published the article, Vowell was identified as a "defendant" in the court's docket for *FTC v. Johnson*. Technically, this was in error because Vowell was a receivership defendant. However, a receivership defendant is still a type of defendant in the case, and the sentence as a whole explains that Vowell became a defendant in the Johnson FTC case following allegations that he was helping Johnson hide money from the receiver. The sentence as a whole, therefore, is accurate.

Moreover, the law does not impose a burden of perfect accuracy on publishers. The standard is "true in substance." Courts have held that "a journalist need not describe legal proceedings in technically precise language." *Nichols v. Moore,* 396 F. Supp. 2d 783, 791-92 (E. D. Mich. 2005). Referring to a receivership defendant as a defendant is within the scope of imprecision afforded by the law, especially where the reporter is relying on the information listed in the court's docket and the sentence accurately describes why he is a defendant. The article effectively describes Vowell as a receivership defendant by explaining that his link to the case is

as a result of helping Johnson hide assets from the receiver.

Vowell improperly focuses on only the first few words of the sentence instead of the entire sentence. "A court simply cannot determine whether a statement is capable of sustaining a defamatory meaning by viewing individual words in isolation; rather, it must carefully examine the context in which the statement was made, giving the words their most common and accepted meaning." *West v. Thomson Newspapers*, 872 P.2d 999, 1009 (Utah 1994). A reader focused on the content of the entire sentence would be able to understand the allegations related to the receiver. In addition, a reader focused on the whole sentence would be able to put the information in the proper context with the rest of the article. The article makes clear that Vowell is not a defendant in the *FTC v. Johnson* case as a result of the deceptive practices against consumers but, rather, as a result of helping Johnson hide money from the receiver.

While the article did not use the term "receivership defendant," the basis for Vowell being a defendant in the case is clearly and accurately stated. The court, therefore, concludes that the statement is substantially true and cannot form the basis of a libel claim. Accordingly, Defendant is entitled to dismissal of the libel claim with respect to the first statement.

Even if the first statement was not substantially true, the alleged falsehood is not material. In order to be actionable, a defamatory statement must be not only false but material. *Bustos v. A&E Television Networks*, 646 F.3d 762, 764 (10th Cir. 2007) ("Unless a statement contains a material falsehood it simply is not actionable"). Courts assess the materiality of a statement by "comparing the damage it has done to the plaintiff's public reputation to the damage the truth would have caused." *Id.* A court can determine materiality as a matter of law where no reasonable juror could find that the statement was materially false. *Id.* at 767.

In this case, the truth is that Vowell is a receivership defendant in the *FTC v. Johnson* case because he allegedly helped Johnson hide assets from the receiver.  The alleged libel is that Vowell is a defendant in the *FTC v. Johnson* case, who allegedly helped Johnson hide assets from the receiver.  Even if a lay reader were to perceive a meaningful difference between a receivership defendant and a regular defendant accused of helping to hide assets from a receiver, no reasonable juror could find the alleged libel more damaging to Vowell's reputation than the truth.

In *Bustos*, the court granted summary judgment in favor of defendant, finding that the difference between membership in the Aryan Brotherhood and association with the Aryan Brotherhood was not material. 646 F.3d at 764.  In *Susan B. Anthony List v. Driehause*, 2013 WL 308748 (S. D. Ohio Jan. 25, 2013), the court found that whether the individual had ordered an advertising company to erect certain billboards or threatened to sue the company if it did not erect the billboards was not materially different as to the individual's reputational harm. *Id.* at *3 n.1.

Vowell claims that by labeling him a defendant in the FTC case, the article effectively characterized him as an alleged scam artist who stole millions of dollars from consumers. However, the truth is that he was allegedly helping an alleged scam artist hide his money from the receiver so the receiver could not return it to the victims.  The court finds little material difference between the reputational harm.

Moreover, the article makes clear that Vowell is only a defendant following allegations that he was helping to hide the money from the receiver.  Vowell contends that the reporter never helped the reader understand the difference between a defendant and a receivership defendant.

5

However, the sentence referring to Vowell clearly made that exact distinction.  Vowell also argues that the entire article leads a reader to believe that Vowell assisted Jeremy Johnson in operating a massive scam, Vowell is one of the nine defendants in the FTC Complaint, Vowell took more that $280 million from consumer through deceptive practices, Vowell facilitated the theft of consumer money, Vowell undermined consumer confidence about providing their personal information to legitimate lenders, and Vowell had yet to make a deal with the FTC.  But the allegation that Vowell was portrayed as one of the original scam artists is not supported by the language of the article.  The sentence referring to Vowell makes clear why Vowell became a defendant in the FTC action.  Therefore, the court concludes that Defendant would also be entitled to dismissal based on materiality.

**2.  Statement No. 2**

Defendant argues that Statement No. 2 cannot support a libel claim because it is not made in the article and even if it was made, is not material.  The article says nothing about the source of the allegations against Vowell in the *FTC v. Johnson* case.  The articles states that Vowell was a defendant following allegations that he was helping Johnson to hide assets from the receiver.  The federal receiver made those allegations in the *FTC v. Johnson* case in a May 30, 2012 motion entitled "Motion for Order Clarifying Preliminary Injunction Order and for Further Instructions Regarding Scope of Receivership Defendants under Preliminary Injunction Order and Report of Receiver's Financial Reconstruction and Granting Relief from Local Rule 66-5 Pertaining to Notice to Creditors."  The motion details the Receiver's allegations regarding Vowell's assistance to Johnson.  Therefore, the article accurately stated that there were allegations in the *FTC v. Johnson* case that Vowell helped Johnson hide assets from the receiver.

Those allegations were not made in the *FTC v. Johnson* Complaint, but the article does not say that they were.

Vowell points to several instances where the article refers to the FTC Complaint. Information in paragraphs 7 and 13 of the article claim to be providing material from the "Complaint." Vowell claims that by referring to Vowell as a Defendant it is clear that the reporter did not read the Complaint and, thus, did not properly do his homework. While it is not clear whether the reporter read the Complaint or not, the portions of the article referring to allegations in the FTC Complaint do not relate to Vowell. The only references to Vowell state that he is a defendant following allegations that he was helping Johnson hide money from the receiver. As stated above, those allegations were not in the FTC Complaint and the reporter did not claim that they were. Therefore, Vowell's second allegedly false statement cannot be the basis of a libel claim.

## CONCLUSION

Based on the above reasoning, Defendant Gannett's Rule 12(b)(6) Motion to Dismiss is GRANTED, and Plaintiff's First Amended Complaint is dismissed with prejudice. The Clerk of Court is directed to close the case.

DATED this 6th day of February, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge